UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08-CV-118-MU

| | |
|---|---|
| **LEROY DIMAIL CANSLER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **RICK JACKSON,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1); Respondent's Answer and Motion for Summary Judgment (Doc. Nos. 3, 4, and 5) and Petitioner's response to Respondent's Motion for Summary Judgment (Doc. No.7.) For the reasons stated herein, Respondent's Motion for Summary Judgment is granted and Petitioner's Petition for Writ of Habeas Corpus is denied and dismissed.

### I. Factual and Procedural History

A review of the record reveals that Petitioner was convicted of two counts of robbery with a dangerous weapon after a jury trial which began on January 26, 2006 in the Superior Court of Cleveland County. Petitioner was sentenced to two consecutive terms of 94-122 months imprisonment. The North Carolina Court of Appeals issued an unpublished opinion on December 19, 2006 finding no error. (Doc. No. 5; Ex. 1.) Petitioner filed a pro se notice of appeal/petition for discretionary review on January 10, 2007 (Doc. No. 5; Ex. 5.) The notice of appeal was dismissed and the petition for review denied on January 25, 2007 (Doc. No. 5;

1

Exhibit. 6.) Petitioner filed a pro se Motion for Appropriate Relief (MAR) on October 15, 2007. (Doc. No. 5; Exhibit. 7.) On October 19, 2007, Honorable Forrest Donald Bridges summarily denied the MAR. (Doc. No. 5; Ex. 8.) Petitioner then filed a pro se Petition for Writ of Certiorari with the North Carolina Court of Appeals on November 15, 2007. (Doc. No. 5; Ex. 9.) Certiorari was denied on December 5, 2007. (Doc. No. 5; Ex. 11.) Petitioner filed the instant pro se federal habeas petition under 28 U.S.C. 2254 in this Court on March 31, 2008. Petitioner contends that because his two armed robbery convictions are the result of the same continuing action, his consecutive sentences constitute multiple punishments for a single crime and violate the constitutional provision against double jeopardy.

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has held that a state court adjudication is "contrary" to clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S.

362, 413 (2000), quoted in Burch. An unreasonable application, the requisite showing, is different from an incorrect application of the federal law. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or degree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999).

### III. Analysis

Petitioner claims that he was subjected to double jeopardy because he received two convictions and two consecutive sentences for offenses perpetrated during a single, continuous transaction. He claims that the two armed robberies were undertaken as part of a single act, and that his consecutive sentences are unconstitutional. Petitioner's claim is without merit.

The Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." United States Constitution, Amendment V. This clause has been held to prevent "three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." United States v. Burns, 29 F. Supp. 2d 318, 320 (4th Cir. 1998). Petitioner contends that his convictions for armed robbery constitute multiple convictions for the same crime.

In United States v. Dixon, the United States Supreme Court summarized the applicable test used to determine whether multiple convictions constitute a violation of double jeopardy,

3

concluding, ". . . where the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test, the double jeopardy bar applies." United States v. Dixon, 509 U.S. 688 (1993).

The "same elements" test referred to in Dixon is set out in an earlier case, Blockburger v. United States, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 2d 306 (1932). Under the "same elements" test, the dispositive question to consider in determining whether multiple sentences constitute punishments for the same offense is whether either of the two offenses requires an essential element the other does not. Under North Carolina law, the essential elements of armed robbery are: (1) the unlawful taking or an attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened. See N.C.G.S. § 14-87(a) (2007). See also, State v. Barden, 356 N.C. 316, 352, 572 S.E.2d 108 (2002), cert. denied, Barden v. North Carolina, 538 U.S. 1040, 123 S. Ct. 2087, 155 L. Ed. 2d 1074 (2003).

In the instant case, Petitioner's first count of armed robbery was committed when Petitioner took and carried away Ms. Wanda Bowen's purse and its contents, including approximately $60.00, and a .22 caliber pistol, from her person through the use of a firearm, threatening and endangering her life. (see indictment in case 04 CRS 056320 in Doc. No. 7; Ex. B.) The second count of armed robbery was committed when Petitioner took and carried away Mr. James Curtis Johnson's wallet containing $320.00 from his person by means of assault threatening the use of a firearm, thereby threatening and endangering his life. (see indictment in case 04 CRS 056321 in Doc. No. 7; Ex. C.) The elements of each conviction include different victims and different items stolen; thus, each conviction contains different essential elements that

4

are not found in the other. Therefore, Petitioner's two armed robbery convictions survive the Blockburger "same elements" test allowing Petitioner to receive two separate armed robbery convictions and two separate consecutive sentences.

Furthermore, Petitioner presented this double jeopardy claim in his MAR. The Honorable Forrest Donald Bridges summarily denied Petitioner's MAR on its merits. The order states, in part:

> In particular, the Defendant contends that he as subjected to double jeopardy due to the fact that he received two consecutive active sentences for his commission of two armed robberies which were done as part of a continuing transaction.
>
> As noted by the Court of Appeals in its opinion, the evidence at trial showed that the Defendant and his colleagues, armed with a shotgun and tow pistols, approached Wanda Bowen, James Johnson and Johnnie Ray Johnson outside the M&K Variety store in Shelby, then took a bank bag from the store, together with Ms. Bowen's purse and the wallet of James Johnson. The sentencing of the Defendant to two consecutive terms of imprisonment for these robberies does not constitute double jeopardy. The Defendant's Motion is without basis in law or in fact.

This summary MAR order did not result in a decision contrary or, or an unreasonable application of clearly established federal law, i.e., Blockburger and United States v. Dixon. Nor is the MAR based on an unreasonable determination of the facts, in light of the evidence presented in the state court proceedings. Therefore, Petitioner's double jeopardy claim is denied pursuant to the deferential standards of review contained in 28 U.S.C. § 2254(d) and (e). See Williams v. Taylor, 529 U.S. 362 (2000). There is no requirement that the state court specifically cite United States Supreme Court precedent in its order, so long as its ultimate adjudication is not contrary to, nor involves as unreasonable application of clearly established federal law. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir.) ("[T]he phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided

in state court, albeit in a summary fashion.", cert. denied, 119 S. Ct. (1999). Petitioner's double jeopardy claim is without merit and is also denied pursuant to § 2254(d) and (e).

## IV. Order

**IT IS, THEREFORE, ORDERED** that Respondent's Motion for Summary Judgment (Doc. No. 4) is granted and Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is denied and dismissed.

**SO ORDERED**.

Signed: June 11, 2008

Graham C. Mullen
United States District Judge